UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAY MCLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SOUTHERN PACKAGING ) | |
| MACHINERY, INC., KHS USA, INC., ) | |
| and REXHAM CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | 07 C 1395 |
| ) | |
| KHS USA, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CREST FOODS CO., INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Gay McLain to remand this case to the Circuit Court of Cook County. For the reasons set forth below, the motion to remand is denied without prejudice.

## BACKGROUND

According to the first amended complaint, Plaintiff Gay McLain, a citizen of Illinois, was employed by third-party Defendant Crest Foods on August 23, 2006. On that day, she was operating a machine called a Bartelt packager. Her hands became caught in the machine, and her hands and fingers were crushed. The complaint alleges that Defendants Southern Packaging Machinery, Inc. ("Southern") and KHS USA, Inc. ("KHS") were involved in designing, manufacturing, assembling, selling, or distributing the Bartelt packager and were negligent in doing so. Southern is a Georgia corporation with its principal place of business in Georgia; KHS is a Wisconsin corporation with its principal place of business in Wisconsin.

McLain filed suit in the Circuit Court of Cook County in February 2007 against Southern and KHS. On March 12, KHS removed the case to this court, with Southern's consent, relying on the diversity between the parties for as the basis for federal jurisdiction. During discovery, Crest Foods produced a purchase order for the Bartelt packager McLain was using that bore the name of Rexham Corporation. The order is dated 1974 and the address given for Rexham is in Rockford, Illinois.

On July 3, McLain requested and received leave to amend the complaint to add Rexham as a defendant. She contemporaneously filed the instant motion to remand to

state court, which is predicated on a conclusion that the address on the purchase order establishes that Rexham is an Illinois corporation, thus destroying complete diversity.

## DISCUSSION

If a civil action filed in state court is one over which the federal district courts have original jurisdiction, the defendant may remove the case to federal court. 28 U.S.C. § 1441. However, if later developments indicate that the court lacks subject matter jurisdiction, the case must be remanded to the state court from which it originated. 28 U.S.C. § 1447(c). The proponent of federal jurisdiction bears the burden of showing that it exists in a given case. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). In removed cases such as this one, then, the burden falls on the defendant. When a plaintiff challenges the material factual allegations underpinning jurisdictional allegations in a removed case, the defendant must demonstrate by a preponderance of the evidence that federal jurisdiction is proper. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

As stated above, McLain relies on the Illinois address given in the 1974 purchase order to assert that Rexham was an Illinois citizen when the amended complaint was filed in 2007. In response, KHS provides documentation of two companies with names resembling "Rexham Corporation," one of which is a citizen of North Carolina and Delaware and with which KHS had dealings in the 1980s, and another that is a citizen

of New York and Delaware. The substance of these documents is sufficient to make it more likely than not that the Rexham Corporation McLain seeks to bring into this suit is not a citizen of Illinois. In other words, we are convinced on the present record that KHS has established diversity of citizenship by a preponderance of the evidence. However, we acknowledge that information may come to light if and when the new party is served that could require us to revisit the issue. Accordingly, the denial of the motion to remand is without prejudice.

## CONCLUSION

Based on the foregoing, McLain's motion to remand [46] is denied without prejudice.

						_____
						Charles P. Kocoras
						United States District Judge

Dated:   August 30, 2007