UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAY MCLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SOUTHERN PACKAGING MACHINERY, INC. AND KHS USA, INC., and KHS USA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) 07 C 1395 |
| KHS USA, INC., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CREST FOODS CO., INC., | ) |
| | ) |
| Third-Party Defendant, | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant Southern Packaging Machinery, Inc. ("Southern Packaging")'s motion for summary judgment. For the following reasons, Southern Packaging's motion is granted.

## BACKGROUND

Plaintiff Gay McLain ("McLain") was employed by third-party Defendant Crest Foods Company, Inc. ("Crest") on August 23, 2006. On that day, McLain was injured while using a Bartlet Model P7-14F Packaging Machine, Serial No. 2516 ("Bartlet Packager 2516"). McLain has alleged both a strict liability claim and a negligence claim against Defendant Southern Packaging Machinery, Inc. ("Southern Packaging"), Defendant KHS, USA ("KHS"), and Defendant Rexham Corporation ("Rexham"). The asserted jurisdictional basis is diversity. At the conclusion of discovery, Southern Packaging filed the instant motion for summary judgment.[1]

## LEGAL STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. The moving party bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.,*

---

[1] McLain's answer to the motion was to be filed by September 27, 2007, but no responsive motions have been filed.

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). At summary judgment, we construe all facts and draw all inferences from the record in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In accordance with Northern District of Illinois Local Rule 56.1(b)(3), the non-moving party is required to file a statement identifying any disputes with the moving party's statement of material facts. If the non-moving party fails to file such a statement, then the moving party's statement of facts is deemed as admitted. *Id.* With these principles in mind, we turn to the instant motion.

## DISCUSSION

**A. Choice of Law**

Before discussing the merits of Southern Packaging's motion, we must first determine what law to apply in evaluating McLain's strict liability and negligence claims. A federal court presiding over a diversity action must apply the choice-of-law rules of the state in which it sits-in this case, Illinois. *E.g. Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915-16 (7th Cir. 2006). For tort actions, the Illinois choice-of-law rules dictate that "'the most significant contacts' test outlined in the Restatement (Second) of Conflict of Laws (1971) be used." *Ruiz v. Weiler & Co., Inc.*, 860 F. Supp.

602, 604 (N.D. Ill. 1994). To determine which state has the most significant contacts, the following factors are considered: "(a) The place where the injury occurred. (b) The place where the conduct occurred. (c) The domicile, nationality, place of incorporation and place of business of the parties. (d) The place where the relationship of the parties is centered." *Ruiz*, 860 F. Supp. at 604.

In the instant case, both the injury and conduct took place in Illinois. McLain is an Illinois resident and her relationship with Southern Packaging centers around her use of Bartlet Packager 2516 while in Illinois. Therefore, it is appropriate that Illinois law be applied to both McLain's strict liability and negligence claims against Southern Packaging.

**B. Strict Tort and Negligence Claims**

Under a theory of liability sounding in strict tort or negligence, a "seller of products must occupy a position within the 'original producing or marketing chain' in order to be liable for injuries caused by those products.'" *Cruz v. Midland-Ross Corp.*, 813 F. Supp. 628, 631 (N.D. Ill. 1993). In conjunction with its motion for summary judgment, Southern Packaging filed a statement of facts as mandated by Local Rule 56.1. Because McLain did not file a responsive statement of facts, the accusations contained in Southern Packaging statement are admitted by operation of Local Rule 56.1(b)(3). According to Roy Miller, President of Southern Packaging, Southern

Packaging did not sell the Bartlet Packager 2516 to Crest. Rather, Crest purchased Bartlet Packager 2516 from Rexham in 1974. No evidence in the record indicates that Southern Packaging ever manufactured, had control over, or was involved with Bartlet Packager 2516. McLain has produced no evidence that Southern Packaging designed or distributed Bartlet Packager 2516 to Crest. It is undisputed that Southern Packaging did not manufacture Bartlet Packager 2516. As that fact defeats an essential element of McLain's products liability claim, Southern Packaging is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Southern Packaging's motion for summary judgment [37] is granted.

	*Charles P. Kocoras*
	Charles P. Kocoras
	United States District Judge

Dated:   October 17, 2007